FILED

2008 Aug 20 AM 08:49

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| CHARLENE E. SHERRY, ) | CASE NO. 08-62658 |
| ) | |
| Debtor. ) | JUDGE RUSS KENDIG |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |

This case is before the court on Debtor's motion for exemption from the prefiling credit counseling requirement. Debtor Charlene E. Sherry (hereafter "Debtor") filed a chapter 13 petition on August 8, 2008. Debtor did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, she checked box three on Official Form 1, Exhibit D and indicated she requested, but was unable to obtain, credit counseling and had exigent circumstances for a waiver of the requirement. In support of Exhibit D, Debtor also filed a motion, stating, under the penalty of perjury, that "she was unable to complete the pre-bankruptcy counseling requirement for the reason that she has no funds to available to pay for counseling [and] . . . it was necessary to file her case to stay a sheriff sale pending for August 11, 2008." Debtor further indicated she had obtained credit counseling in a previously filed case.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement. Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

> with respect to a debtor who submits to the court a certification that--
>
> (i)   describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and

(iii) is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement.

Upon review of Exhibit D and Debtor's motion for an exemption from the credit counseling the requirement, the Court cannot grant Debtor's request. First, Debtor does not reference any attempts to obtain the credit counseling in accordance with section 109(h)(3)(ii). Second, the Court cannot conclude that financial hardship is grounds for exemption from the credit counseling requirement. *See* In re Piontek, 346 B.R. 126 (Bankr. W.D. Pa. 2006); In re Palacios, 2008 WL 700968 (Bankr. E.D. Va. 2008); In re Curington, 2005 WL 3752229 (Bankr. E.D. Tenn. 2005). As set forth in both Palacios and Piontek opinions, the bankruptcy code requires that credit counseling agencies provide the counseling service "without regard to ability to pay the fee." 11 U.S.C. § 111(c)(2)(B). There is no indication that Debtor attempted to obtain the credit counseling at all, let alone made a request to obtain it at no charge. Additionally, and following a line of thought enunciated by the Piontek court, the Court is not convinced of Debtor's inability to pay the fee for the credit counseling. Debtor fully paid the $274.00 filing fee prior to filing when she had the option of paying the filing fee in installments. Had that been done, part of the money for the filing fee could have been used to obtain the credit counseling. Thus, the Court finds that Debtor's motion for exemption from the credit counseling requirement is not well-taken and must be denied. Regarding Debtor's statement that she obtained credit counseling prior to filing a previous case, the Court finds one other BAPCPA case: a chapter 13 case filed on January 15, 2007. Debtor's credit counseling certificate in that case is dated January 12, 2007, outside the one hundred and eighty day time frame established by 11 U.S.C. § 109(h)(1) and therefore immaterial to the present case.

Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completed a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition. The language of the statutes is clear that this must be completed <u>before</u> filing the petition or the individual does not qualify to be a debtor. It is clear Debtor failed to satisfy this requirement and is therefore ineligible to be a debtor. Debtor's case will be dismissed.

An order in accordance with this decision shall be entered forthwith.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Mitchell A Machan
3810 Tuscarawas St W
Canton, OH 44708

Charlene E Sherry
6700 Hythe St NW
Canton, OH 44708

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114